OPINION
Plaintiff-appellant, James Haithcock, Jr., appeals the jury verdict in his personal injury suit against defendant-appellee, Jacqueline S. Hunter.
Haithcock and Hunter were involved in an automobile accident in Paint Township, Madison County, Ohio, on June 4, 1996. Haithcock was returning home from work at approximately 3:40 to 3:50 p.m., driving southbound on State Route 38 ("S.R. 38"). At that time, Hunter was driving eastbound on Linson Road to its intersection with S.R. 38. The intersection is near Madison Plains High School and the adjacent Madison Plains Middle School. Surrounding the intersection are signs and yellow flashing lights giving notice of a school zone. S.R. 38 has a fifty-five m.p.h. speed limit, except when the school zone is in effect, in which case the school zone has a twenty m.p.h. speed limit.
When Hunter reached the stop sign on Linson Road at the intersection, she saw Haithcock's car approaching on S.R. 38 about one hundred fifty to two hundred yards away. Haithcock was traveling at about forty m.p.h. Hunter turned westbound onto S.R. 38, causing Haithcock to hit her car from the side.
Haithcock filed a personal injury suit against Hunter seeking personal and property damages. Hunter answered, raising Haithcock's alleged contributory negligence as a defense. The case proceeded to a jury trial. At trial, Hunter contended that Haithcock was speeding through the school zone, offsetting her own negligence for failing to yield to Haithcock.
Haithcock and Hunter both testified on their own behalf. Haithcock admitted to driving at least forty m.p.h., but asserted that the school zone flashers were not operating at the time of the accident. Hunter, a Madison Plain High School student, testified that school was in session on the day of the accident. She presented testimony by Donna Sheridan, secretary of the middle school, who provided a school schedule showing that school was in session until June 5, 1996. Sheridan testified on cross-examination that the school zone flashers would operate until 3:45 p.m. Hunter also presented testimony by Lieutenant Chuck Reed of the Madison County Sheriff's Office who brought copies of official documents showing that a call about the accident was received at 3:45 p.m., and that the accident was alleged to have occurred at approximately 3:40 p.m.
At the close of the trial, the trial court gave instructions and interrogatories to the jury. The instructions included an instruction on comparative negligence and school zones, given over Haithcock's objection. The jury returned a verdict for Haithcock, but found him to be fifty percent negligent in the accident. Haithcock was awarded $2,858.50. Haithcock appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO PLAINTIFF-APPELLANT'S PREJUDICE, BY INSTRUCTING THE JURY ON COMPARATIVE NEGLIGENCE, DUE TO CONTRIBUTORY NEGLIGENCE OF PLAINTIFF-APPELLANT, WHEN THE EVIDENCE IN THE CASE DOES NOT CREATE A FACTUAL BASIS SUFFICIENT TO SUPPORT THAT PLAINTIFF-APPELLANT VIOLATED RC 4511.21(B)(1), THE SCHOOL ZONE SPEED LIMIT STATUTE, SAID VIOLATION BEING THE UNDERLYING BASIS FOR THE DEFENSE OF CONTRIBUTORY NEGLIGENCE.
 Haithcock contends that the trial court erred by giving an instruction on comparative negligence and school zones. He argues that there was no evidence that the school zone speed limit was in effect at the time of the accident.
A trial court must confine its jury instructions to the issues raised by the evidence. Becker v. Lake Cty. Mem. Hosp. West
(1990), 53 Ohio St.3d 202, 208. An instruction should be given regarding a particular issue where it is a correct statement of the law applicable to the evidence, and where reasonable minds might reach a conclusion guided by the specific instruction.Murphy v. Carrollton Mfg. Co. (1991), 61 Ohio St.3d 585, 591. When determining whether a specific jury instruction was appropriately given, the reviewing court must ascertain "whether the record contains evidence from which reasonable minds might reach the conclusion sought by the instruction." Id.
The speed limit within school zones is governed by R.C.4511.21(B):
 It is prima-facie lawful * * * for the operator of a motor vehicle * * * to operate the same at a speed not exceeding the following:
 (1)(a) Twenty miles per hour in school zones during school recess and while children are going to or leaving school during the opening or closing hours, and when twenty miles per hour school speed limit signs are erected[.] * * * The end of every school zone may be marked by a sign indicating the end of the zone. Nothing in this section or in the manual and specifications for a uniform system of traffic control devices shall be construed to require school zones to be indicated by signs equipped with flashing or other lights, or giving other special notice of the hours in which the school zone speed limit is in effect.
 As R.C. 4511.21(B)(1) makes clear, the speed limit within a school zone, at times when such school zone is in effect, is twenty m.p.h. The section specifically states that the zone need not be designated by flashing lights or signs giving special notice of effective hours. Rather, it is only required that general signs designating the school zone be erected.
In the instant case, there was testimony and evidence that there were flashing yellow school zone lights and signs erected at both ends of the school zone on S.R. 38. Lt. Reed and Sheridan both testified that the flashing lights operate until 3:45 p.m. when school is in session. Sheridan provided proof that school was in session on the day of the accident, and she testified that the flashing lights were activated that afternoon. The records provided by Lt. Reed showed that the accident occurred and was reported before 3:45 p.m. Haithcock admitted that both adults and children were at the school at the time of the accident. There was evidence in support of the inference that the school zone was in effect.
Haithcock's testimony that he saw no flashing lights only created a fact question for the jury's resolution, especially in light of R.C. 4511.21(B)(1)'s express statement that such flashing lights are not required. Such a factual dispute is central to the suit because Haithcock admitted that he was driving at least forty m.p.h. at the time he entered the school zone. Thus, there was a basis upon which to find that Haithcock was speeding within the school zone at the time of the accident. If the jury so found, it could reasonably find that his speeding was a cause of the accident, in addition to Hunter's failure to yield.
There was a factual question regarding whether Haithcock was speeding within the school zone and thus comparatively negligent in the accident. The trial court properly gave an instruction on comparative negligence and school zones. The assignment of error is overruled.